United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TRAVARUS A. SHEAD, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:26-CV-00309 |
| | § | |
| K. Lee, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF TRANSFER

Plaintiff Travarus A. Shead, appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at the Texas Department of Criminal Justice's ("TDCJ") McConnell Unit in Beeville, Texas. In his complaint, however, Plaintiff challenges matters relating to his confinement at the Connally Unit in Kenedy, Texas. (D.E. 1). Specifically, Plaintiff's allegations reference incidents occurring at the Connally Unit in October 2025, pertaining to his placement in security observation while his property was improperly inventoried and stored by former TDCJ employee R. Baez. *Id.* at 3-4.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in

which it could have been brought." 28 U.S.C. § 1406(a). In addition, for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

While Plaintiff is currently housed at the McConnell Unit, none of the three defendants sued by Plaintiff in this action reside in the Corpus Christi Division of the Southern District of Texas. Specifically, Plaintiff states that:

- Defendant K. Lee is a central office grievance investigator employed by the TDCJ in Huntsville, Texas;
- Defendant R. Baez is a former TDCJ employee who was working at the Connally Unit at the time of the complained-of incidents; and
- Nubia Martienez is a Connally Unit property officer.

(D.E. 1, pp. 3-4).[1] A substantial part of the events—if not all—forming the basis of Plaintiff's complaint occurred at the Connally Unit. Venue, therefore, is not proper in this Court. Because the Connally Unit is located in Karnes County within the San Antonio Division of the Western District of Texas (*see* 28 U.S.C. § 124(d)(4)), the interest of justice would be served by a transfer to that court.

Accordingly, **IT IS ORDERED** that this case, including all pleadings, notices, motions, and orders filed therein, is **TRANSFERRED** to the United States District Court

[1] As part of his pleadings, Plaintiff includes one page complaining about his right to see another medical provider. (D.E. 1-1, p. 4). He also includes the second page of a grievance, dated May 29, 2026, in which he raises mental health concerns apparently in connection with his current housing situation at the McConnell Unit. *Id.* at 6. These matters are wholly unrelated to the claims and allegations raised by Plaintiff in his § 1983 form complaint. Plaintiff raises no allegations indicating that the three defendants identified by him in his complaint had any involvement with medical matters occurring at the McConnell Unit. In contrast, complete Step 1 and Step 2 grievances attached to the complaint reflect Plaintiff's complaints that are at the heart of this federal action—his placement in security observation at the Connally Unit and improper storage of his inventoried property at the Connally Unit. (D.E. 1-1, pp. 10-13).

for the Western District of Texas, San Antonio Division. The Clerk is **DIRECTED** to **CLOSE** this case.

ORDERED on November 10, 2026.

Julie K. Hampton
United States Magistrate Judge